Copy

| CIRCUIT COURT SUMMONS | NASHVILLE, TENNESSEE |

**STATE OF TENNESSEE**
**DAVIDSON COUNTY**
**20TH JUDICIAL DISTRICT**

2014 JUN -4 PM 3:50

RICHARD R ROOKER, CLERK

Tammy Jean Hollis

CIVIL ACTION DOCKET NO. 14C2304

Plaintiff

Vs.

Extra Space Storage, Inc.

Defendant

**Method of Service:**
- [ ] Davidson County Sheriff
- [ ] Out of County Sheriff
- [ ] Secretary of State
- [X] Certified Mail
- [ ] Personal Service
- [ ] Commissioner of Insurance

[X] First
[ ] Alias
[ ] Pluries

D1 W/C

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 6-4-2014

RICHARD R. ROOKER
Circuit Court Clerk
Davidson County, Tennessee

By: _____ Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | Andy L. Allman |
| | 103 Bluegrass Commons Blvd. |
| | Address |
| | Hendersonville, TN 37075 |

**TO THE SHERIFF:**

Please execute this summons and make your return hereon as provided by law.

RICHARD R. ROOKER
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____.

_____
SHERIFF

♿ To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.

EXHIBIT A

Copy 208/07

IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
AT NASHVILLE

FILED
2014 JUN -4 PH 3: 57
RICHARD R ROOKER, CLERK

| | |
|---|---|
| TAMMY JEAN HOLLIS, | ) |
| Plaintiff, | ) |
| v. | ) No. 14C2304 |
| | ) JURY DEMAND |
| EXTRA SPACE STORAGE, INC., | ) |
| Defendant. | ) |

## COMPLAINT

Comes now Plaintiff, by and through counsel, and hereby files this, her complaint for damages, against the Defendant, Extra Space Storage, Inc. In support thereof, Plaintiff would allege the following:

1. Plaintiff, Tammy Jean Hollis, is a resident of Davidson County, Tennessee.

2. Defendant, Extra Space Storage, Inc., is a for profit Maryland corporation doing business in the State of Tennessee, Davidson County. Defendant may be served through its registered agent CT Corporation, 800 South Gay Street, Suite 2021, Knoxville, Tennessee 37929.

3. Plaintiff is employed with Defendant and is charged with responsibilities including, but not limited to, overseeing properties to ensure the efficient operation of certain of its storage facility locations. Defendant provided Plaintiff an apartment at the location in Franklin, TN because of her job performance and their desire to keep her employed by Defendant.

4. Plaintiff was an exemplary employee up until her protected activity. Thereafter, Plaintiff was retaliated against and harassed.

Copy

5. On or about November 3, 2013, Plaintiff reported to her supervisor the existence of asbestos in the wall of her apartment. This is the apartment of Defendant's premises Plaintiff resided in. Plaintiff was plugging in a vacuum cleaner into a wall outlet when she noticed a powder type substance she, in good faith, believed to be asbestos.

6. The following day, November 4, 2013, Plaintiff sent another email to her supervisor seeking guidance as to how to handle the situation.

7. Subsequent to the email, Plaintiff received a phone call from her supervisor advising that they were waiting on a phone call from an "environmental person" to come to Plaintiff's apartment and test the material.

8. On or about November 5, 2013, Defendant sent an electrician to Plaintiff's apartment to remedy the situation. However, the electrician simply removed the cover Plaintiff had placed upon the wall socket and created an even larger deposit of powder substance in the floor of Plaintiff's apartment. This was not proper means of disposing of the potentially hazardous material. When Plaintiff discovered what had been done, she again reported to Defendant that the situation had been made worse.

9. On or about November 8, 2013, Plaintiff was instructed by a Claims Manager of Defendant to place the powder substance into a Tupperware container and send to Defendant's Maintenance Unit.

10. On or about November 15, 2013, Plaintiff was hailed into a meeting with her supervisor and a member of the Human Resources Department, who participated by phone, and threatened with a written disciplinary action for job performance issues. The allegations were false and Plaintiff refused to sign the same. In this same meeting, Plaintiff was informed that Defendant was about to publish a new "policy" for employees but no details to be given. Plaintiff

Copy

was informed that because of this new policy she needed to move out of the apartment within the following seven days.

11. Over the next several days, Plaintiff was persistent with Defendant with follow up communications about the testing of the material with no appropriate responses being given. On or about November 24, 2013, Plaintiff filed a complaint with the Tennessee Occupational Safety and Health Administration reporting the existence of what she believed to be asbestos within her apartment.

12. On or about November 25, 2013, Plaintiff was forced to vacate her apartment. This created an extreme financial hardship on Plaintiff as she had not been charged for living in the on-site apartment.

13. On or about November 28, 2013, Plaintiff again emailed her supervisor inquiring about the test results. The following day, Defendant received the complaint from TOSHA and knew Plaintiff had reported.

14. On or about December 4, 2013, Plaintiff was contacted by her supervisor and informed that the test results had come back negative for asbestos. Plaintiff was not allowed to return to her apartment, but forced to remain in an efficiency hotel.

15. Since her complaints to Defendant and TOSHA about the asbestos in her apartment, Plaintiff has been subjected to retaliation and harassment. She has been falsely accused of misconduct and deficient performance issues threatening her employment.

16. Plaintiff was also denied entrance into the Rising Stars program with Defendant. On or about October 9, 2013, Plaintiff submitted an essay for entrance into the new Rising Star Program given her exemplary job performance record as requested by the District Manager. Admission into the program would have enabled Plaintiff to be promoted to the next available

Copy

manager position. Plaintiff has been denied access to this program because of her reports of asbestos in the workplace.

17. After reporting the potential asbestos problem in her apartment, Plaintiff was retaliated against due to reporting the said problem to her District Manager.

18. Plaintiff's health was failing as a result of the retaliation and harassment, which made the working conditions so intolerable that she was forced to resign on April 16, 2014.

19. As a result of Defendant's retaliation and harassment of Plaintiff, she has suffered economic loss, embarrassment, humiliation, stress, anxiety, and mental anguish.

20. Defendant's conduct in retaliation and harassing Plaintiff because of her reports to it and TOSHA were done in violation of the common law of Tennessee and the Tennessee Public Protection Act. In addition, Defendant's actions were intentional and done with reckless disregard for the rights of Plaintiff warranting and award for punitive damages.

WHEREFORE, Plaintiff prays:

1. For a jury to be empanelled and a judgment of compensatory damages to include emotional suffering;

2. Punitive damages;

3. Attorney's fees and the cost of litigation to include expert fees;

4. Damages for humiliation and embarrassment;

5. Damages for outrageous conduct and malicious harassment;

6. All other remedies and injunctions as are necessary and proper to eliminate the retaliatory and harassing practices of Defendant;

7. A judgment against Defendant for prejudgment interest; and

8. Such other relief as this Court deems proper.

Copy

Respectfully submitted,

**ALLMAN & ASSOCIATES**

_____
Andy L. Allman, BPR No. 17857
103 Bluegrass Commons Blvd.
Hendersonville, TN 37075
Phone: (615) 824-3761
Fax: (615) 264-2720
andy@andylallman.com