IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TAMMY JEAN HOLLIS )
 )
v. ) NO. 3-14-1457
 ) JUDGE CAMPBELL
EXTRA SPACE MANAGEMENT, INC. )

MEMORANDUM

Pending before the Court is Defendant's Motion to Dismiss (Docket No. 14). For the reasons stated herein, Defendant's Motion is GRANTED, and this action is DISMISSED.[1]

FACTS

Plaintiff's Amended Complaint (Docket No. 8) alleges that Defendant, her employer, retaliated against her for protected activity in reporting potential asbestos on Defendant's property. Plaintiff contends that she was constructively discharged in violation of common law and the Tennessee Public Protection Act ("TPPA").

Defendant has filed a Motion to Dismiss Plaintiff's claims for failure to state a claim. In response, Plaintiff has conceded that her common law retaliatory discharge claim should be dismissed. With regard to her TPPA claim, Defendant argues that Plaintiff has not sufficiently alleged the elements of a TPPA retaliation claim.

MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss,

---

[1] Plaintiff's claims for common law retaliatory discharge are dismissed by agreement. Docket No. 16.

a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

## TENNESSEE PUBLIC PROTECTION ACT

The Tennessee Public Protection Act, also known as the "Whistleblower Statute," provides that no employee shall be discharged or terminated solely for refusing to participate in, or for refusing to remain silent about, illegal activities. Tenn. Code Ann. § 50-1-304(b). "Illegal activities" are defined as activities that are in violation of the criminal or civil code of Tennessee or the United States or any regulation intended to protect the public health, safety or welfare. Tenn. Code Ann. § 50-1-304(a)(3).

To establish a claim under the TPPA, a plaintiff must show that (1) she was an employee; (2) she refused to participate in or remain silent about illegal activities; (3) she was terminated by her employer; and (4) there was an exclusive causal relationship between her refusal to participate or remain silent about illegal activities and her termination. In other words, an employee must demonstrate that her refusal to remain silent about illegal activities was the sole reason for her discharge. *Smith v. C.R. Bard, Inc.*, 730 F.Supp.2d 783, 797 (M.D. Tenn. 2010).

Plaintiff contends that she reported to her supervisor, and later to the Tennessee Occupational Safety and Health Administration ("TOSHA"), the presence of asbestos in her company-owned residence and that she was constructively discharged in retaliation for her complaints. A plaintiff can maintain an action so long as her belief that a law was violated was reasonable and she acted in good faith in reporting it. *Coffey v. City of Oak Ridge*, 2014 WL 4536364 at * 4 (Tenn. Ct. App. Sept. 12, 2014) (citing *Mason v. Seaton*, 942 S.W.2d 470, 472 (Tenn. 1997)).[2]

Defendant argues that Plaintiff has not alleged "illegal activities" as defined by the statute; that is, she has not alleged activities in violation of the criminal or civil code of Tennessee or the United States or any regulation intended to protect the public health, safety or welfare.[3]

Plaintiff's Amended Complaint (Docket No. 8), the operative document for purposes of this Motion, does not allege that what she reported to TOSHA or to her employer was illegal activity. In addition, the Amended Complaint does not cite any criminal or civil code which makes asbestos in an apartment illegal; neither does the Amended Complaint cite to any state or federal regulation which makes a potential asbestos problem in an apartment illegal. Plaintiff has not alleged that the possible asbestos in her apartment violated any law or regulation.

Therefore, because Plaintiff has not alleged illegal activities, as defined in the statute, Plaintiff's Amended Complaint does not state a claim for violation of the TPPA. The Court need not

---

[2] Here, although Plaintiff sufficiently alleges she had a good faith belief that the substance in her apartment was asbestos, that substance was later determined not to be asbestos.

[3] In response (not in her Amended Complaint), Plaintiff cites a single federal regulation which states that asbestos is one of a number of substances that have been designated as hazardous air pollutants. 40 C.F.R. § 61.01. Although asbestos may be a hazardous air pollutant, Plaintiff has not cited any statute or regulation which prohibits the alleged "illegal activity" she reported.

3

reach the issue of Plaintiff's high burden of showing that her reporting was the sole cause of her alleged constructive discharge. Accordingly, Defendant's Motion to Dismiss Plaintiff's claims is granted, and this action is dismissed.

    IT IS SO ORDERED.

                                                                   TODD J. CAMPBELL
                                                                   UNITED STATES DISTRICT JUDGE